LOUIS G. BLUME et al., complainants-appellants,

*v.*

CLARA G. M. BLUME, defendant-respondent.

[Argued November 21st, 1918.   Decided March 3d, 1919.]

1. A mother executed a will by which she devised to her daughter a parcel of land, and a few days thereafter she conveyed to the same daughter another parcel of land which, except for the conveyance, would have fallen into the residue of the estate which she had devised to her other children.

2. After the mother's death some of the residuary legatees filed the bill in this cause praying that the conveyance be set aside, alleging as a reason that the mother was not mentally capable of understanding the effect of the conveyance, and that her daughter unduly influenced her, and by fraud induced her to make the deed.   The great preponderance of testimony favors a finding that the mother was, when the deed was executed, a woman of more than ordinary strength of mind and in no way dominated by the daughter.—*Held,* that the fact that the daughter remained with the mother and cared for her during her declining years, was not alone sufficient to sustain a charge of fraud and undue influence, for there must be proof aside from this tending to show that the will of the daughter was dominating to some degree, particularly when the daughter did not solicit the conveyance and the testimony shows that the conveyance was made by the mother for reasons of her own after she had independent advice as to the nature and consequences of the conveyance from impartial and competent counsel, after a private confidential conference during which the matter was discussed.

On appeal from the court of chancery.

*Mr. Ralph E. Lum,* for the appellants.

*Mr. Clarence E. Case,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

Johanna Giebelhause departed this life February 25th, 1918, leaving her surviving eight children and two grandchildren, the children of a deceased son, all the children being her issue by a former husband, Augustus Blume, she having had no children by her second husband, from whom she inherited a considerable estate which she greatly increased by her prudent management, so that at the time of her death it amounted to about $272,000.

She left a will dated January 30th, 1918, by which she gave to each of her living children $4,000, and to the children of any deceased child as a class, a like sum, payable to the grandchildren ten years after her death; she also devised certain real estate to her daughter Hermine for life, with remainder to her children, and a parcel of real estate absolutely to her daughter Clara, and another to her daughter Clara and her son Ferdinand as tenants in common, the latter gift being, as the testator declared in her will, according to the desire of her deceased husband, George Giebelhause, from whom she had received the property.

She then devised all the residue of her property in trust to be divided into six equal parts and distributed among her sons and grandchildren, the latter to take *per stirpes,* excluding her two daughters Clara and Hermine from any participation in the residue.

After this will was executed and on the 13th day of February, 1918, the mother by deed, dated that day, conveyed in fee-simple to her daughter Clara a house and some land located in the city of Plainfield. The consideration stated was $1 and faithful services rendered by the daughter to the testatrix. The deed, among other things, contained this recital:

"This deed does not in any way limit or affect any bequest or devise to the party of the second part herein named in my will or in any will to be hereafter made by me."

The bill in this cause was filed by three of the children, and two grandchildren of the testatrix, praying that the deed to Clara be set aside and that Clara be required to convey to each of the three brothers, complainants, an undivided one-eighth interest in said lands, and to each of the grandchildren an undivided one-sixteenth interest therein, for the reason, as charged in the bill of complaint, that the mother, because of a long and serious illness and advanced years, was not in possession of sufficient mental power to understand and appreciate the nature of the conveyance to her daughter Clara, and that the latter, taking advantage of her mother's enfeebled mental and physical condition, secured from her the conveyance of the property described in the deed by fraud, circumvention and undue influence.

The vice-chancellor who heard the case dismissed the bill of complaint and the complainants have appealed.

We think that the evidence in the case fully justifies the finding of the vice-chancellor that the testatrix was a woman of unusual mental capacity, and that to the very day of her death she dominated her property and the actions and conduct of her daughter Clara, and that there was no sufficient proof that she was unduly influenced by her daughter, or that her strong will was ever controlled or improperly influenced by Clara, the grantee. The evidence shows that the value of the land conveyed did not exceed $30,000, some of the witnesses estimating it to be not more than $16,000; that all of the children except Clara had left home, and that she alone remained with her mother, taking care of her and performing the necessary work about the house, clearing the sidewalk of snow when required, and doing all the menial services necessary for carrying on the household although, apparently, the mother was amply able to employ servants to do it, but did not because of her thrifty disposition.

In support of this appeal the appellant urges that the evidence shows that the daughter unduly influenced the mother to make the deed, and that it was made without the advice of counsel. Neither proposition is sustained by the testimony which shows that the deed was made by the mother without solicitation or suggestion by the daughter; that the grantor was a woman of

strong mind and forceful mentality when the deed was made, and the gift was not so large a proportion of her estate as to indicate any undue influence, and that the wish of the testator .to further compensate her daughter was not unreasonable. It also appears that before the deed was made the mother consulted her attorney, not as to the propriety of the gift, for of that she seems to have been clear, but of her legal right to prefer this daughter to the extent of the property to be conveyed beyond the estate given in the will. Nor is it true as the appellant urges, that the grantor did not have independent advice, for the testimony of her counsel shows that she was informed what the legal effect of the deed was, and that the advice was privately and confidentially given, by impartial counsel not interested in the donee.

As was said by Mr. Justice Trenchard, speaking for this court in *Soper* v. *Cisco, 85 N. J. Eq. 165:* "Proper independent advice in this connection, means that the donor had the preliminary benefit of conferring fully and privately upon the subject of his intended gift, with a person who was not only competent to inform him correctly of its legal effect, but who was, furthermore, so disassociated from the interests of the donee as to be in a position to advise with the donor impartially and confidentially as to the consequences to himself of his proposed benefaction."

The counsel who gave the advice in this case was one who fell within the lines of the foregoing description.

The evidence in the case fully satisfies us that there was no fraud, or undue influence exercised by Clara, the defendant, and that the grantor had all the independent advice that the rule of law requires.

The decree appealed from will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.